Michael G. BRESGAL, et al., Plaintiffs,

v.

William BROCK, Secretary of Labor, Defendant.

Civ. No. 84–6315–E.

United States District Court, D. Oregon.

June 26, 1986.

---

James M. Campbell, Goldstein & Campbell, Eugene, Or., for plaintiffs.

Linda Lance, U.S. Dept. of Justice, Civil Div., Washington, D.C., for defendant.

## OPINION AND ORDER

JAMES M. BURNS, District Judge.

Plaintiffs [1] brought this action for declaratory and injunctive relief against the Secretary of the Department of Labor (Secretary) seeking a declaration that forestry workers are protected under the Migrant and Seasonal Workers Protection Act (MSPA) and a mandatory injunction to require the Secretary to enforce the MSPA as to forestry workers.

In an opinion issued October 1, 1985, 637 F.Supp. 271 I found that the MSPA covers forestry workers. In that opinion I requested that plaintiffs provide me with a proposed form of the judgment. After it was submitted the Secretary objected, arguing that the proposed declaratory and injunctive relief went beyond the scope of the complaint and that the court should not issue a detailed injunction until the Secretary had an opportunity to enforce the MSPA as to forestry workers in the first instance. After further oral and written argument, I find plaintiffs' form of the judgment to be both appropriate and necessary.

## DECLARATORY JUDGMENT

Plaintiffs requested declaratory relief as follows:

> Defendant has a mandatory duty to enforce the Migrant and Seasonal Agricultural Worker Protection Act, Pub.L. 97–470, 96 Stat. 2583 (1983), codified as 29 U.S.C. §§ 1801 et seq., (hereinafter "MSPA"), as to recruiting, soliciting, hiring, employing, furnishing or transporting any migrant or seasonal workers as tree planters, thinners, and other forest laborers.

The Secretary argues that the scope of the proposed declaratory judgment goes beyond the relief requested. Specifically he argues that the proposed form "purports to delineate the scope of forestry work, a matter which was not at issue in this case and one which must be left to the Department of Labor to define in the first instance. In any event, this proposal would grant relief to class of persons far beyond those who were plaintiffs in this case." (Defendant's Response to Plaintiffs' Proposed Form of Judgment, p. 2–3.)

The Secretary's argument is somewhat circular. He begins by stating that the scope of the declaratory relief improperly

---

**1.** Plaintiffs Michael G. Bresgal, Scott Landfield, Karl Gaines and Thomas A. Wilson are residents of Lane County, Oregon who find employment as forestry workers on a seasonal or temporary basis. Plaintiff Northwest Forest Workers Association is a trade association of forestry workers, some of whom perform migratory labor in forestry. Plaintiff-Intervenors Augustin Villegas, Rene Guerroro and Jose Ponce are migratory farmworkers who have performed temporary work in forestry.

extends beyond the defendants, then continues that the plaintiffs' description of forestry workers is underinclusive and that the Secretary should in the first instance define forestry work because "it is possible that the Secretary may be aware of types of work other than those listed by plaintiffs that should be considered forestry work." (Defendant's Response to Plaintiffs' Form of Judgment, P. 6. A. 3.)

■ The declaratory relief, by its terms, is not exclusive. As the Secretary recognizes, the plaintiffs' relief cannot extend beyond plaintiffs.[2] Plaintiffs, therefore, have no authority to include an exhaustive list of the types of forestry work within the declaration. That is the Secretary's job. This relief does not, in any respect, relieve the Secretary of his responsibility to promulgate regulations that encompass all forestry workers by using "his considerable experience in administering statutes such as this ... in determining the scope of employment which constitutes forestry work." (Defendant's Response to Plaintiffs' Proposed Form of Judgment, p. 2–3.)

■ I also do not agree with the Secretary that this declaratory relief extends beyond the scope of the relief plaintiffs have requested. Plaintiffs sought a declaration that Congress intended forestry workers to be protected by the MSPA. Plaintiffs' proposed declaratory judgment does that.

I have determined that declaratory relief is necessary in this case. To declare that forestry workers are protected by the MSPA without further explanation would be an empty and meaningless gesture. It would not clarify or settle the issue for those who are charged with administering the statute or those Congress intended to be protected by it. As the Ninth Circuit recently explained, "[i]t serves neither the needs of the parties, nor the jurisprudence

of the court, nor the interests of the public for the judiciary to announce legal rules imprecise in definition and uncertain in dimension. Precise resolution, not general admonition, is the function of declaratory relief." *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir.1985).

I, therefore, adopt plaintiffs' proposed form of the declaratory judgment.

INJUNCTIVE RELIEF

■ With respect to the mandatory injunction, I disagree with the Secretary that the proposed judgment encroaches upon the Secretary's exclusive dominion to implement statutory directives as he sees fit.

The plaintiffs proposed the following injunctive relief:

> Secretary of Labor William Brock and his successors in office are enjoined to cease refusing to enforce the MSPA as to forestry work and to take the following actions in addition to other appropriate enforcement actions: (1) integrating forestry work into the U.S. Department of Labor's Coordinated Enforcement Plan, 29 C.F.R. § 42, when the Plan is next reviewed by the Department; (2) amending the regulations implementing the MSPA to reflect that the MSPA applies to forestry work, within 180 days after entry of this judgment; and (3) informing the U.S. Department of Agriculture (including the U.S. Forest Service) and of the Interior (including the Bureau of Land Management), and all persons on the lists maintained by the National Forests and the Bureau of Land Management of bidders on contracts for forestry work, that the MSPA applies to forestry work, by providing copies of this judgment and injunction or otherwise, within 90 days after entry of this judgment.

The Secretary relies on *Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 84

---

**2.** Although the relief plaintiffs seek is limited to themselves, my declaration that forestry workers are protected by the MSPA is not intended to be limited in its application to plaintiffs. Defendants claim to understand this. (Defendant's Response to Plaintiffs' Proposed Form of Judg-

ment, p. 7, ft. 5). I am, therefore, somewhat at a loss to understand the significance of defendant's argument that the proposal grants relief to a class of persons beyond plaintiffs. *See Doe v. Gallinot,* 657 F.2d 1017 (9th Cir.1981).

L.Ed.2d 714 (1985), for his argument that he should be given an opportunity to enforce the MSPA to include the forestry workers before the court has jurisdiction to order specific injunctive relief. The Secretary quotes *Chaney* as standing for the proposition that the agency

> is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities. Similar concerns animate the principles of administrative law that courts generally will defer to an agency's construction of the statute it is charged with implementing and to the procedures it adopts for implementing that statute.

*Id.*, 105 S.Ct. at 1656.

The Secretary has taken this quote out of the context in which it was written. His reliance on *Chaney* is misplaced.

In *Chaney* prisoners sentenced to death petitioned the FDA claiming that the drugs used for lethal injections had not been approved for human executions and thus the use of these drugs constituted an "unapproved use of an approved drug." The prisoners requested the FDA take investigatory and enforcement actions to prevent these violations. The FDA refused to act on the request and the prisoners filed suit to mandatorily enjoin the FDA to enforce its procedures. The Court determined that "this case turns on the important question of the extent to which determinations by the FDA not to exercise its enforcement authority over the use of drugs ... may be judicially reviewed. The Court concluded that the agency's enforcement was in this instance discretionary and that "[t]his recognition of the existence of discretion is attributable in no small part to the general unsuitability for judicial review of agency decisions to refuse enforcement." *Id.*

The quoted statement on which the Secretary relies was preceded by the Court's recognition that the FDA "generally cannot act against each technical violation of the statute it is charged with enforcing." The statement was not a recognition that in a situation analogous to the one at issue here that the Court should refrain from enforcing the statute before the agency has an opportunity to act on it.

*Chaney* involved an entirely different factual and legal setting than the one in this case. Plaintiffs here are not asking for an injunction to enforce an existing regulation or policy whose enforcement is committed to agency discretion. The interpretation of this statute is not subject to an agency's discretionary enforcement. Rather, this case involves an interpretation of a statute whose enforcement by the agency is mandatory. Further, the agency has no existing policy or regulation from which it can now apply this ruling. Hence, I find *Chaney* totally inapposite to this case.

Plaintiffs rely, in part, on *NAACP, Western Region v. Brennan,* 360 F.Supp. 1006 (D.C.Cir.1973), to support its position that I have authority to grant the requested injunction. The Secretary finds that case helpful to its position also insofar as that court recognized that "an injunction detailing enforcement requirements should not be issued in the first instance, prior to giving the agency an opportunity to act, but only as a last resort." *Id.* at 1019.

Both parties correctly cite the case, but the Secretary's reliance on it suggests that perhaps he has misinterpreted the scope and extent of the requested injunction.

The injunction proposed here is not a detailed injunction of the kind requested in *NAACP, Western Region.* Plaintiffs there requested an injunction prohibiting the defendants from granting any funds to state recipient agencies who violated antidiscrimination provisions of Title VI of the 1964 Civil Rights Act.

In determining the proper scope of injunctive relief the Court recognized the explicit limitations on the agencies to terminate financial assistance and the specific requirements the agencies must exhaust before assistance can be terminated. The Court also recognized a plan previously established by the DOL to compel compliance with the Act and the doctrine of exhaustion designed to "prevent 'premature interruption of the administrative pro-

cess.'" *Id.* at 1017. Therefore, while retaining jurisdiction to enforce the Act with a more detailed injunction in the future if necessary, the Court issued a general injunction that "prohibits defendants from participating in or perpetuating any discrimination or other unlawful practices against migratory and seasonal farm workers."

The proposed judgment here is not analogous to the detailed injunction requested in *NAACP, Western Region.* Nor would an injunction prematurely interrupt the administrative process. The administrative process in this case has not begun. This injunction merely informs those who are directly affected by the Act that forestry workers are included within its protections.

The basis for injunctive relief is essentially irreparable injury and the inadequacy of legal remedies. *Weinberger v. Romero-Barcelo,* 456 S.Ct 305, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982). I previously found injunctive relief necessary in this case precisely because of the inadequacy of legal remedies for these plaintiffs and the irreparable injury they have suffered and will continue to suffer if those charged with enforcing the MSPA do not include forestry workers within its protections. To serve the purpose for which it is intended the injunction must be relatively specific and precise.

Contrary to the Secretary's apparent assumption, this injunction will not forever tie the hands of the DOL with respect to enforcing the MSPA. Rather, it essentially forces the Secretary to the starting gate. It is an interim solution that will allow those who are affected by the MSPA to realize that forestry workers are protected by it until the Secretary promulgates regulations pursuant to it. It in no way deprives or relieves the Secretary of his opportunity or responsibility to enforce the statute.

I find plaintiffs' proposed form of declaratory and injunctive relief to be both appropriate and necessary to ensure that forestry workers are protected by the MSPA.

Thus, I adopt that proposed form of judgment.

IT IS SO ORDERED.